# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40868

United States Court of Appeals
Fifth Circuit

**FILED**

July 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE FLORES, true name Galvin Javier Flores Cantarero,

Defendant - Appellant

-----------------------------------------------------------------------------

Consolidated with 16-40890

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE RICARDO FLORES, true name Calvin Xavier Flores Cantarero,
also known as Galvin Flores-Cantarero, also known as Jose Ricardo,
also known as Jose Flores,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, and HIGGINBOTHAM and COSTA, Circuit
Judges.

No. 16-40868
Cons. w/ No. 16-40890

CARL E. STEWART, Chief Judge:

Jose Ricardo Flores appeals his sentences for illegal reentry into the United States and violating a condition of his supervised release. He contends that the district court, which incorrectly believed that it lacked the authority to run the sentences concurrently, erred by imposing consecutive sentences for the offenses. For the reasons that follow, we AFFIRM.

I.

Flores pleaded guilty to one count of illegal reentry following deportation, a crime that occurred on or about September 16, 2015. At the time he illegally reentered the United States, Flores was subject to a two-year term of supervised release, which had been imposed in March 2015 on a previous illegal reentry conviction. Following the second illegal reentry, Flores was charged with violating the terms of his supervised release. The district court combined the sentencing hearing on the new illegal reentry conviction with a hearing on the revocation of Flores's supervised release.

At sentencing, the district court determined that Flores's Guidelines range was 21–27 months' imprisonment in the reentry case and 8–14 months' imprisonment in the revocation case. Flores requested downward variances from these ranges, asking for an 18-month term of imprisonment in the illegal reentry case and a consecutive 6-month term in the revocation matter, for a total sentence of 24 months. The district court imposed a bottom-of-the-Guidelines term of 21 months' imprisonment in the illegal reentry case (followed by three years of supervised release) and revoked Flores's supervised release and sentenced him within the advisory Guidelines range to 10 months' imprisonment. The district court stated that the sentences of imprisonment must run consecutively rather than concurrently, citing this court's decision in

2

No. 16-40868

Cons. w/ No. 16-40890

*United States v. Brown*, 920 F.2d 1212 (5th Cir. 1991). Based on its belief that *Brown* "clearly states that these sentences should be served consecutively," the district court imposed a total sentence of 31 months.

The district court's reliance on *Brown*, however, was erroneous, as the Guidelines were amended in 2003 to give courts discretion to impose either consecutive, concurrent, or partially concurrent sentences. *See United States v. Huff*, 370 F.3d 454, 465 (5th Cir. 2004) (explaining that for defendants "sentenced on or after November 1, 2003, the district court would have had discretion to make its . . . sentence run concurrently (or partially concurrently) with the previously imposed . . . sentence for supervised revocation (although the Commission recommends that the sentence imposed be consecutive to that for the revocation)"). Flores did not object to the error. Rather, defense counsel responded: "We understand it's consecutive. We'd simply note in defense of that recommendation . . . that [the] revocation guidelines were always advisory. So, in effect, we're not asking for a consecutive sentence, even though the net effect might be the same." Flores timely appealed both sentences, and the appeals were consolidated on the Government's motion.

## II.

Because Flores did not object in the district court to the error he asserts on appeal, we review for plain error.[1] *See United States v. Cordova-Soto*, 804 F.3d 714, 722 (5th Cir. 2015). To establish plain error, Flores must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he satisfies these

---

[1] Because the error Flores complains of is attributable to the district court's belief that the *Brown* decision was controlling—and *not* to any invitation or provocation by Flores—we reject the Government's assertion that the invited error doctrine applies. *See United States v. Salazar*, 751 F.3d 326, 332 (5th Cir. 2014) (citing *United States v. Wells*, 519 U.S. 482, 487–88 (1997)).

three elements, this court will exercise its discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

As the Government concedes, the district court committed a clear or obvious error in determining that it was required to run Flores's sentences consecutively. *See Huff*, 370 F.3d at 465. But even assuming this erroneous understanding affected Flores's substantial rights, we decline to exercise our discretion to correct the error, because Flores has not established that "the severity of the error's harm demands reversal." *See United States v. Farrell*, 672 F.3d 27, 36 (5th Cir. 2012) (quoting *United States v. Ross*, 77 F.3d 1525, 1539–40 (7th Cir. 1996)); *see also Puckett*, 556 U.S. at 135. This court has indicated that reversal should be granted cautiously, explaining that "the rule of forfeiture should bend slightly if necessary to prevent a grave injustice." *United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc) (citation omitted). Accordingly, the types of errors we will correct on plain error review are "only" those which are "particularly egregious." *United States v. Young*, 470 U.S. 1, 15 (1985) (quoting *United States v. Frady*, 456 U.S. 152, 163 (1982)).

Several factors weigh against exercising our discretion to correct the error in this case. The Sentencing Commission's relevant policy statements recommend that sentences involving revocation of supervised release, such as the sentence the district court imposed, run consecutively. *See* U.S.S.G. Ch. 7, Pt. B, Intro. Comment ("It is the policy of the Commission that the sanction imposed upon revocation is to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation."); U.S.S.G. § 7B1.3 cmt. n.4 ("[I]t is the Commission's

No. 16-40868

Cons. w/ No. 16-40890

recommendation that any sentence of imprisonment for a criminal offense that is imposed after revocation of probation or supervised release be run consecutively to any term of imprisonment imposed upon revocation."). Given this fact, as well as the district court's decision not to sentence Flores to the minimum sentence it believed it had the discretion to impose,[2] it is difficult to say that a miscarriage of justice occurred. *See Olano*, 507 U.S. at 736.

Based on these considerations, we conclude that the district court's error does not rise to the level of a "grave injustice," *see Escalante-Reyes*, 689 F.3d at 423, nor does it seriously affect the fairness, integrity, or public reputation of judicial proceedings, *see Puckett*, 556 U.S. at 135. Accordingly, Flores has failed to demonstrate that the error satisfies the fourth prong of plain error review. *See id.*

## III.

For the foregoing reasons, the sentence of Defendant-Appellant Jose Ricardo Flores is AFFIRMED.

---

[2] The district court sentenced Flores to 10 months' imprisonment in the revocation matter, when the minimum sentence under the Guidelines was 8 months' imprisonment.