# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40595

United States Court of Appeals
Fifth Circuit

**FILED**
August 6, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL BOTELLO-ZEPEDA, also known as Manuel Botello, also known as Manuel Botello Zapeda,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas

Before HIGGINBOTHAM, SMITH, and SOUTHWICK, Circuit Judges.

LESLIE H. SOUTHWICK, Circuit Judge:

Manuel Botello-Zepeda appeals the sentence imposed for his conviction of illegal reentry into the United States. He contends that, in imposing an upward variance at sentencing, the district court erred in considering the facts of an unrelated case and his need for treatment for his alcoholism.

We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

Manuel Botello-Zepeda pled guilty without a plea agreement to illegal reentry into the United States under 8 U.S.C. § 1326. The presentence report ("PSR") indicated that he had five prior adult convictions: (1) an October 2006

No. 18-40595

Texas conviction for driving while intoxicated (DWI), for which he was sentenced to 180 days of confinement suspended for two years of probation, a $1,000 fine, and 150 hours of community service; (2) an April 2012 Texas conviction for DWI second offense, for which he was sentenced to one year of confinement suspended for 18 months of probation, three days of confinement, a $750 fine, and 50 hours of community service; (3) a May 2012 federal conviction under 8 U.S.C. § 1325(a) for improper entry by an alien, for which he was sentenced to 45 days of confinement; (4) an August 2012 federal conviction under Section 1325(a) for improper entry by an alien, for which he was sentenced to 80 days of confinement; and (5) a June 2017 Texas conviction for DWI third offense, for which he was sentenced to 10 years of confinement suspended for 10 years of probation, 90 days of confinement, a $500 fine, and 160 hours of community service.

The PSR assessed a total of eight criminal history points, including two points because Botello-Zepeda committed the present offense while still on probation for his third DWI offense. The criminal history score of eight corresponded to a criminal history category of IV. The PSR further indicated that Botello-Zepeda had additional arrests in December 2008 and April 2012 for being in the United States unlawfully, but that he was allowed to return voluntarily to Mexico on both occasions. He was ordered deported in June 2012 and October 2012, following each of his prior improper-entry convictions. His current offense was committed in August 2017.

Botello-Zepeda's total offense level was 12, calculated as follows: a base offense level of eight pursuant to U.S.S.G. § 2L1.2(a); a two-level enhancement pursuant to Section 2L1.2(b)(1)(B) because he committed the current offense after his two prior misdemeanor convictions for improper entry; a four-level enhancement pursuant to Section 2L1.2(b)(3)(D) because he committed the

No. 18-40595

current offense after the felony conviction for his third DWI; and a two-level reduction pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility. The PSR's calculations resulted in an advisory guidelines range of 21 to 27 months' imprisonment.

Botello-Zepeda did not object to the PSR. The district court adopted it without change. The district court varied upward from the Guidelines range and sentenced Botello-Zepeda to 54 months of imprisonment, followed by three years of supervised release as an added measure of deterrence and protection. Botello-Zepeda objected to the upward variance, and the district court implicitly overruled the objection. Botello-Zepeda timely appealed.

## DISCUSSION

Botello-Zepeda argues that the district judge "abused his discretion when sentencing appellant to an upward variance since the district judge relied upon information gleaned from [a] prior sentencing hearing and testimony from an alleged victim in the prior case which was not relevant to the offense committed by [the] appellant." He also contends that the district judge erred under 18 U.S.C. § 3582(a) and *Tapia v. United States*, 564 U.S. 319, 335 (2011), in increasing the sentence to promote rehabilitation.

Both alleged errors stem from the court's discussion at sentencing of the public safety risks inherent in driving under the influence of alcohol and of Botello-Zepeda's alcoholism. Botello-Zepeda's counsel first raised the topic of his alcoholism when explaining that Botello-Zepeda's criminal history consisted only of immigration offenses and DWIs. Counsel remarked, "unfortunately, he's in that status of being an alcoholic and he will be sentenced more harshly because of that, because he has not learned the lesson to not drink and drive." The district court then asked for the Government's

position.   The Assistant United States Attorney recommended a 27-month sentence, the upper end of the Guidelines range, asserting that Botello-Zepeda had been removed from the United States several times and was a "danger to anyone who's driving on the roads" given his three prior DWI convictions.  The district court and Botello-Zepeda's counsel then engaged in the following exchange, in which the court referred to an unrelated case and Botello-Zepeda's need for treatment.

THE COURT:

The problem the Court has is that he has a drug or he has an alcohol issue and he's driving while intoxicated.  And so I've had to deal with one of these cases, . . . [though] that person wasn't intoxicated where somebody had a car wreck, whether he fell asleep or whatever, and killed somebody.

So tell me why I shouldn't go up and give him a harsher sentence than even the guidelines, that a guideline sentence is not appropriate in this case and that I should give him a more severe sentence, because he is clearly not understanding that he can't drive and drink and apparently hasn't gotten treatment.

MR. ARRAMBIDE:

Your Honor, the guideline sentence I believe is appropriate because the guidelines take into account the types of his criminal history.

. . . .

Hopefully now he's learning his lesson because we are sitting here talking about it, talking about how serious it is and talking about how, but for the grace of God, he hasn't killed anybody.  And I think he's very grateful for that.

Botello-Zepeda later addressed the court.  He stated that he knew he had a problem with alcohol and that he was participating in a Narcotics Anonymous program in detention.  He also stated that he recognized he came back to the United States illegally.  He explained that he returned because it was the only way to earn a good living for his family.  He regretted his actions,

had learned his lesson, would not return illegally again, and desired one last opportunity to have a new start in life.

The district court then imposed the sentence, stating:

> Okay. Sir, of course, the Court's first obligation is to look at the guidelines and calculate those correctly, and that range is 21 to 27 months.

> But then the Court has to figure out what is the appropriate sentence. Irrespective of the guidelines, what is the appropriate sentence. . . .

> The problem is I think, if I counted correctly, you have three D[W]Is. Let me make sure . . . .

> . . . So you have three D[W]Is. I have an obligation to also protect society. For whatever reason, you have not taken it seriously. You keep coming back to the United States and driving drunk. It's only by the grace of God that someone hasn't been killed or injured.

> And I've had other cases . . . where the person wasn't driving drunk but for whatever reason fell asleep, was here illegally and people were killed. Luckily that hasn't happened with you yet.

> But I am doing an upward variance. Because of your D[W]I problem and your alcohol problem, a longer sentence will help you get treatment to see if you can actually beat that when you get out. So that's the basis, because of your three D[W]Is and to help protect society from your alcohol issue, I am going to increase the sentence and grant a variance up.

Plain error review applies because Botello-Zepeda failed to inform the court of the specific grounds for his objection. *See United States v. Segura*, 747 F.3d 323, 327 (5th Cir. 2014). To show plain error, Botello-Zepeda must first show a forfeited error that is clear or obvious and that affects his substantial rights. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). Botello-Zepeda has not made that showing.

The district court's comments referring to the other case do not show that the court improperly considered the circumstances or statements of anyone in

that case in sentencing Botello-Zepeda.  Prior to the district court's comments about the other case, Botello-Zepeda's counsel acknowledged that his acts of driving while intoxicated could have resulted in the killing of another person. The sentencing transcript as a whole reflects that the district court mentioned the other case simply as a way to illustrate defense counsel's point, that driving while intoxicated or otherwise impaired had potentially deadly consequences.

Additionally, the record shows that a concern for public safety was the primary factor motivating the upward variance.  Title 18 U.S.C. § 3582(a) instructs sentencing courts to consider the Section 3553(a) sentencing factors "to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation."  One of the Section 3553(a) "[f]actors to be considered in imposing a sentence" is, of course, "the need for the sentence imposed  . . . to protect the public from further crimes of the defendant."  § 3553(a)(2)(C).

It is clear that "the Sentencing Reform Act precludes federal courts from imposing or lengthening a prison term in order to promote a criminal defendant's rehabilitation."  *Tapia,* 564 U.S. at 321.  The Court held that Section "3582(a)'s prohibition on 'promoting correction and rehabilitation'" "prevents a sentencing court from imposing or lengthening a prison term because the court thinks an offender will benefit from a prison treatment program."  *Id.* at 333-34 (quoting § 3582(a)).  The district court did no such thing.  There is nothing in the record to suggest that the court took into account the length of any prison treatment program in determining the length of Botello-Zepeda's sentence.  "A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs."  *Id.* at 334.  Rehabilitation was, at most, a secondary concern or additional justification for the 54-month prison term.  *See*

No. 18-40595

*United States v. Pillault*, 783 F.3d 282, 290-92 (5th Cir. 2015).  Botello-Zepeda fails to show error, plain or otherwise.

AFFIRMED.