# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 11, 2020

Lyle W. Cayce
Clerk

No. 19-31048

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GLENN FRIERSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-00061-1

Before ELROD, DUNCAN, and WILSON, *Circuit Judges*.
JENNIFER WALKER ELROD, *Circuit Judge*:

Glenn Frierson appeals his concurrent, within-Guidelines sentences of 120 months for being a felon in possession of a firearm and 151 months for possessing with intent to distribute a controlled substance. He argues the district court erroneously applied U.S.S.G. § 4B1.1(a)'s career offender sentence enhancement because the Louisiana statute under which he was previously convicted, La. R.S. § 40:967, is indivisible and, thus, broader than the "generic crime" as it is defined by federal law.

No. 19-31048

Louisiana R.S. § 40:967 is divisible and, under the modified categorical approach, sufficiently narrow to serve as a predicate for sentence enhancement under § 4B1.1(a). Therefore, we AFFIRM the district court's application of the career offender sentence enhancement.

I.

This case arises out of a May 3, 2018 search of Glenn Frierson's place of business in which police found and seized a .40 caliber firearm, ammunition, 28 grams of methamphetamine, and a scale. Frierson subsequently pleaded guilty to being a felon in possession of a firearm and possessing methamphetamine with intent to distribute.

Nine years prior to these events, Frierson was convicted for possession with intent to distribute cocaine in Louisiana under La. R.S. § 40:967(A). This conviction, along with another not at issue in this appeal, served as the basis for the "career offender" enhancement that extended the advisory range of Frierson's sentence from a range of 37–46 months to a range of 151–188 months.

Frierson objected to the presentence report's determination that he was a "career offender" under U.S.S.G. § 4B1.1(a). The district court overruled the objection and sentenced him to 151 months, the shortest duration suggested by the advisory Guidelines, for the drug charge to run concurrently with a statutory maximum 120-month sentence for the firearm charge. Frierson appealed.

II.

"We review a district court's determination that a defendant is a career offender under U.S.S.G. § 4B1.1 *de novo*." *United States v. Akins*, 746 F.3d 590, 611 (5th Cir. 2014).

No. 19-31048

III.

Under U.S.S.G. § 4B1.1(a), a defendant is a career offender if three criteria are met:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The third criterion is at issue here. Frierson does not contest one of his two prior felony convictions. However, he asserts that his conviction for possession with intent to distribute a Schedule II controlled substance (in this instance, cocaine) under La. R.S. § 40:967(A) does not qualify as a predicate offense because, at the time of his conviction, § 40:967(A) was broader than the corresponding generic offense, 21 U.S.C. § 841(a). Specifically, Frierson argues that § 841(a) did not prohibit the distribution of a "controlled substance analogue" while the Louisiana statute did. He also argues that § 841(a) did not include certain substances contained in the Louisiana statute. Frierson's first argument could be persuasive if § 40:967(A) is, as he asserts, indivisible.[1]

---

[1] Frierson's second argument, that Louisiana's statute is facially broader than its federal counterpart because Carisoprodol is regulated by the State but not federally controlled, fails because Carisoprodol, though now listed on Schedule II, was listed on Schedule IV at the time of Frierson's 2009 conviction and governed by a different statute. *See United States v. Craig*, 823 F. App'x 231 (5th Cir. 2020). Although unpublished opinions issued on or after January 1, 1996, are not precedential, they may be considered as persuasive authority. *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

No. 19-31048

A.

The Supreme Court has prescribed that a court attempting to determine the divisibility of a state statute must first answer the threshold inquiry of whether the statute sets forth alternative elements or merely alternative means of proving a single element. *Mathis v. United States*, 136 S. Ct. 2243, 2256 (2016).[2] Elements must necessarily be found by a jury (or admitted by the defendant) in order to convict while means are facts not necessary to support a conviction. *Id.* at 2255; *United States v. Howell*, 838 F.3d 489, 497 (5th Cir. 2016) (explaining that, after *Mathis*, "[t]he test to distinguish means from elements is whether a jury must agree").

Where the state statute is comprised of multiple alternative elements, it may be divided, and the component elements that served as the basis of the prior conviction can be compared to those in the "generic crime" in federal law. *Mathis*, 136 S. Ct. at 2256. If those limited elements from the state statute are narrower than or equivalent to the elements that comprise the analogous federal law, the prior conviction under the state statute is a valid predicate for sentence enhancement. *United States v. Sanchez-Rodriguez*, 830 F.3d 168, 172 (5th Cir. 2016); *United States v. Schofield*, 802 F.3d 722, 728 (5th Cir. 2015).

The Louisiana Supreme Court has not spoken to whether § 40:967 is comprised of "elements" or "means." However, the Louisiana First Circuit Court of Appeal has stated that to convict a defendant under § 40:967(A)(1), "the state must prove the exact identity of the controlled dangerous substance [a]s an essential *element* of the crime of distribution thereof." *State v. Jordan*, No. 2014 KA 1732, 2015 WL 5968258, 1, 4 (La. Ct. App. 2015)

---

[2] This court has held that *Mathis* generally applies to the Federal Sentencing Guidelines. *United States v. Hinkle*, 832 F.3d 569, 574 & nn.25–26 (5th Cir. 2016).

4

No. 19-31048

(unpublished) (emphasis added).  Because the type of controlled substance is essential to the crime's legal definition, it is an essential element of the offense and thus the statute is elements-based.  *Id.* at 4; *see Howell*, 838 F.3d at 497.

We do not, however, rely entirely on the Louisiana appellate court's holding.  The Supreme Court also provided in *Mathis* that a statute can often, on its face, resolve the elements-or-means inquiry.  136 S. Ct. at 2256.  For instance, "[i]f statutory alternatives carry different punishments . . . they must be elements[,]" and the statute is divisible.  *Id.*  On the other hand, if a statute merely lists "illustrative examples," these examples are only means by which one can commit the offense, and the statute is not divisible.  *Id.*

The Fourth Circuit and the Eighth Circuit have employed this same reasoning from *Mathis* to determine state drug statute divisibility.  *See, e.g.*, *United States v. Vanoy,* 957 F.3d 865, 868 (8th Cir. 2020) (holding Virginia's drug statute was divisible because the statute shows that different drug types and quantities have different punishments); *Bah v. Barr*, 950 F.3d 203, 207–08 (4th Cir. 2020) (same); *United States v. Ford*, 888 F.3d 922, 930 (8th Cir. 2018) (determining the same of Iowa's drug statute).  We join our sister circuits in concluding that, where a state's controlled substance statute prescribes different punishments depending on the type and quantity of drug, the type of substance is an element, and the statute is, therefore, divisible.

La. R.S. § 40:967(A) criminalizes activities involving "Schedule II" substances.  La. R.S. § 40:964 includes seven subsections listing over 75 drugs that are classified as "Schedule II."  Frierson argues that, while "Schedule II" is an express element of the statute, § 40:964 merely lists alternative means of violating § 40:967(A).

However, § 40:967(B) goes on to prescribe different penalties for different drugs and different activities with those drugs. *See also State v.*

*Smith*, 766 So. 2d 501, 516 (La. 2000) (noting the statute provides for differing punishments depending on the drug involved).  For instance, at the time of Frierson's conviction, § 40:967(B) provided that a conviction for cocaine possession was punishable by a sentence of 2–30 years while someone convicted of producing or manufacturing methamphetamine could be punished with a sentence of 10-30 years.

"[A] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant."  *Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 399 (5th Cir. 2014) (quotations omitted).  Section 40:967(A)'s provisions are only effective if read in conjunction with both § 40:964 *and* § 40:967(B). Therefore, we read them together here as well.  The fact that there are different punishments for different drugs and activities evidences that the types of drugs in Schedule II are elements and not merely a list of illustrative means.  Thus, under *Mathis*, § 40.967(A) is divisible.

### B.

Where a statute is divisible, we employ the "modified categorical approach."  *United States v. Reyes-Contreras*, 910 F.3d 169, 174 (5th Cir. 2018) (en banc).  This approach "permits a court to look at a limited class of documents from the record of a prior conviction to determine what crime, with what elements, a defendant was convicted of before comparing that crime's elements to those of the generic offense." *Mathis*, 136 S. Ct. at 2245–46; *see Shepard v. United States*, 544 U.S. 13, 26 (2005); *United States v. Castillo-Morales*, 507 F.3d 873, 876 (5th Cir. 2007) ("*Shepard* allowed courts to examine certain court documents to locate elements of the offense.").

Applying this approach, the relevant documents here show that Frierson was previously convicted of possession with intent to distribute cocaine under § 40:967(A)(1). Taken as a whole, § 40:967(A)(1) may include

No. 19-31048

provisions not explicitly found in the corresponding federal statute. However, thus divided and limited to only these elements for which he was convicted, Frierson's offense consists of elements sufficiently narrow to fall within the scope of the elements in the "generic crime," § 841(a).[3] Likewise, an offense under § 841(a) satisfies the definition of a "controlled substance offense" as defined by U.S.S.G. § 4B1.2(b).[4] Therefore, Frierson's prior offense under La. R.S. § 40:967(A)(1) necessarily falls within § 4B1.2(b)'s definition as well. This supports the application of the career offender sentence enhancement under U.S.S.G. § 4B1.1.

## IV.

Because the drugs listed in Schedule II are elements and not means, La. R.S. § 40:967(A) is divisible.  Applying the modified categorical approach, § 40:967(A) constitutes a "controlled substance offense" under U.S.S.G. § 4B1.2(b). Therefore, we AFFIRM the district court's determination that Frierson's previous conviction was a valid predicate offense for career offender sentence enhancement under § 4B1.1.

---

[3] Section 841(a) prohibits, inter alia, possession with intent to distribute cocaine.

[4] For purposes of career offender sentence enhancement under U.S.S.G. § 4B1.1, "[t]he term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).