# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 2, 2021

Lyle W. Cayce
Clerk

No. 21-50165
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR NAVA, JR.,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 21-50174

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR NAVA,

*Defendant—Appellant*.

No. 21-50165
c/w No. 21-50174

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-202-1
USDC No. 7:20-CR-58-1

---

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Victor Nava, Jr., pleaded guilty, pursuant to a plea agreement, to possession with intent to distribute methamphetamine. As part of his plea agreement, he generally waived his right to appeal his conviction and sentence, with limited exceptions. The district court applied the career offender enhancement in U.S.S.G. § 4B1.1 and sentenced Nava within the guidelines range to 327 months of imprisonment. Nava now appeals his conviction and sentence. He also appeals from a consecutive prison sentence imposed upon revocation of his supervised release, which was part of a prior sentence for a drug conviction.

First, Nava challenges the validity of his guilty plea and the appeal waiver in his plea agreement. He contends that his plea was not knowing and voluntary because the magistrate judge (MJ) misinformed him of the statutory maximum punishment for his offense. His argument is without merit, as the corrected transcript of his rearraignment hearing shows the MJ correctly stated the statutory punishment range. However, because the Government does not seek to enforce the appeal waiver, we will consider the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50165
c/w No. 21-50174

merits of Nava's challenge to his sentence. *See United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

Second, Nava argues the district court erred in classifying his conviction for aggravated robbery with a deadly weapon in violation of Texas Penal Code §§ 29.02(a)(1) and 29.03(a)(2) as a crime of violence for purposes of § 4B1.1. Because he preserved his challenge, our review is de novo. *See United States v. Frierson*, 981 F.3d 314, 316 (5th Cir. 2020).

Relying on the Supreme Court's recent decision in *Borden v. United States*, 141 S. Ct. 1817, 1821-25 (2021), Nava argues that an offense must be purposeful to qualify as a crime of violence. Because the Texas statute criminalizes reckless conduct, he contends that his prior conviction cannot be considered a crime of violence. However, *Borden*, 141 S. Ct. at 1825, held that an offense with a mens rea of recklessness cannot qualify as a violent felony under the elements clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i); it did not address recklessness in the context of enumerated offenses. Under *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 377-82 (5th Cir. 2006), *abrogated on other grounds by United States v. Rodriguez*, 711 F.3d 541 (5th Cir. 2013) (en banc), Nava's Texas conviction for aggravated robbery with a deadly weapon meets the definition of generic robbery. It therefore qualifies as a crime of violence under the enumerated offenses clause of U.S.S.G. § 4B1.2(a). *See Santiesteban-Hernandez*, 469 F.3d at 377-82; *United States v. Rayo-Valdez*, 302 F.3d 314, 318 (5th Cir. 2002). We reject Nava's argument that *Borden* implicitly overruled *Santiesteban-Hernandez*. Contrary to Nava's assertion, *Santiesteban-Hernandez*, 469 F.3d at 380-81, did not define generic robbery as requiring the use of force against another, and it is therefore unaffected by the Court's holding in *Borden*. *See Borden*, 141 S. Ct. at 1825.

No. 21-50165
c/w No. 21-50174

Third, Nava asserts that the district court erred in classifying his 2009 conviction for importation of marijuana in violation of 21 U.S.C. § 952 as a controlled substance offense under § 4B1.2(b).  Because Nava did not preserve the issue, we review for plain error.  *United States v. Huerra*, 884 F.3d 511, 519 (5th Cir. 2018).  To show plain error, he must demonstrate a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and brackets omitted).

Nava argues that his prior marijuana importation offense cannot be considered a controlled substance offense under § 4B1.2 because the statute of conviction in 2009 criminalized hemp, which was no longer a controlled substance by the time he was sentenced as a career offender.  *See* § 952; 21 U.S.C. § 812(c); *compare* 21 U.S.C. § 802(16) (effective Apr. 15, 2009), *with* § 802(16)(B)(i) (effective Dec. 21, 2018).  "Although other circuit courts have" taken the position Nava urges, "the question remains an open one in the Fifth Circuit, and [he] has failed to show that the district court's error, if any, was plain."  *United States v. Bishop*, 603 F.3d 279, 281 (5th Cir. 2010); *see United States v. Abdulaziz*, 998 F.3d 519 (1st Cir. 2021); *United States v. Bautista*, 989 F.3d 698 (9th Cir. 2021).

Finally, Nava argues that the district court procedurally erred by not stating its reasons for ordering his revocation sentence to run consecutively to his sentence for possession with intent to distribute methamphetamine. Because he did not object to the sentencing procedure in the district court, our review is for plain error.  *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018).

4

No. 21-50165
c/w No. 21-50174

The district court stated that it had considered the relevant policy statements in the Guidelines, the 18 U.S.C. § 3553(a) sentencing factors, and the facts underlying Nava's methamphetamine offense.  The court was also familiar with Nava's lengthy criminal history and noted that his supervised release had been revoked once before.  Nava fails to show any error given that the record reflects the district court's reasoned basis for exercising its discretion to order his revocation sentence to run consecutively, as the Guidelines policy statement recommended.  *See Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Flores*, 862 F.3d 486, 489 (5th Cir. 2017).  Moreover, even if Nava were able to demonstrate clear or obvious error, he fails to show the error affected his substantial rights because he has not shown a reasonable probability that additional explanation would have changed his sentence.  *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016); *United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009); *United States v. Whitelaw*, 580 F.3d 256, 264 (5th Cir. 2009).

The judgments of the district court are AFFIRMED.