# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2023

Lyle W. Cayce
Clerk

No. 22-50003
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Cesar Escobedo-Aragon,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:7-CR-84

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Cesar Escobedo-Aragon is currently serving a 262-month prison term after a conviction for his third federal drug-trafficking offense. He filed a motion for compassionate release in the district court. After it was denied, Escobedo-Aragon timely appealed. For the reasons that follow, we AFFIRM the district court's denial.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50003

The court reviews a district court's denial of a compassionate release motion for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). "[A] court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotations and citation omitted). The district court's decision was short and to the point. In relevant part, the order stated: "After considering the pleadings in this case, the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court DENIES the Defendant's Motion on its merits."

On appeal, Escobedo-Aragon takes issue with the brevity of the district court's opinion, stating that the district court "err[ed] when it failed to address or resolve his challenge to the erroneous career offender designation." In short, Escobedo-Aragon claims that he was incorrectly labeled a career offender – and was thereby given an inordinately long sentence – because "the probation office employed two wrongfully [labeled] drug offenses" when his actual convictions would not have qualified him for the career offender status.

Escobedo-Aragon is incorrect. He appears to believe that his prior federal drug trafficking convictions were either state convictions or share essential elements with certain state convictions which we have held do not satisfy the career offender predicates. *See United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir. 2017). Not so. Escobedo-Aragon had two prior federal drug trafficking convictions before the conviction that led to his current sentence, one for violation of 21 U.S.C. § 841(a) and one for violation of 21 U.S.C. § 952(a). Under then-governing sentencing guidelines, Escobedo-Aragon was correctly labeled a career offender as he had two prior felony convictions for controlled substance offenses, namely "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . import . . . of a controlled substance . . . or the possession of a controlled

2

substance . . . . with intent to . . . distribute." U.S. Sent'g Guidelines Manual § 4B1.2(b) (U.S. Sent'g Comm'n 2006). *See also United States v. Frierson*, 981 F.3d 314, 318 (5th Cir. 2020) ("an offense under § 841(a) satisfies the definition of a 'controlled substance offense' as defined by U.S.S.G. § 4B1.2(b).").

As the district court correctly applied the sentencing guidelines to determine Escobedo-Aragon's sentence and indicated that it considered the § 3553(a) factors when denying the compassionate release motion, the motion for compassionate release was properly denied. Thus, we AFFIRM the district court's order.