# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-10120
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
October 3, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Juan Antonio Rodriguez-Castro,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-477-1

---

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Juan Antonio Rodriguez-Castro appeals his 120-month, above-guidelines sentence for illegally reentering the United States following a prior removal, contending that the sentence is substantively unreasonable because it represents a clear error of balancing the 18 U.S.C. § 3553(a) factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). The crux of

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Rodriguez-Castro's challenge is that the district court overstated the seriousness of his prior convictions for indecent exposure and driving while intoxicated (DWI) in determining that an above-guidelines sentence was warranted. *See* § 3553(a)(2)(B)-(C). We review a preserved objection to a sentence's substantive reasonableness for an abuse of discretion, examining the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51, 56 (2007).

Rodriguez-Castro fails to show that the district court's assessment of his criminal history was an abuse of discretion. Specifically, it is not implausible that members of the public, including children, could have been exposed to his indecent act or that his driving drunk posed a substantial risk of danger to the public if he were to repeat that conduct. *See id*.; *see also United States v. Botello-Zepeda*, 933 F.3d 452, 455 (5th Cir. 2019) (affirming upward variance based on prior DWI convictions where a concern for public safety was the primary factor). Further, the district court's decision to vary upward was also based on Rodriguez-Castro's prior conviction for family violence assault and his numerous prior illegal reentries, the characterization of which Rodriguez-Castro does not challenge.

Rodriguez-Castro's reliance on *United States v. Hoffman*, 901 F.3d 523 (5th Cir. 2018), is unavailing, as are his related arguments. The district court implicitly considered the reasons why the presentence report (PSR) calculated an advisory range of 51 to 63 months by adopting the PSR, and it expressly stated it had considered the guidelines range in determining the sentence. Moreover, that the guidelines range already took into account his prior illegal reentries and one of his DWI convictions does not render the sentence unreasonable. *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008); *see also Smith*, 440 F.3d at 708 (noting that a court may consider criminal history when imposing a non-guidelines sentence). Given the

No. 23-10120

deference owed the district court's determination, *see Gall*, 552 U.S. at 51, Rodriguez-Castro's 120-month sentence is not substantively unreasonable.

AFFIRMED.