# United States Court of Appeals for the Fifth Circuit

No. 25-50064
consolidated with
No. 25-50068
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Rafael Loredo-Torres,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 2:24-CR-1658-1,
2:24-CR-2031-1

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Rafael Loredo-Torres appeals the above-guidelines 60-month sentence imposed following his guilty plea conviction for illegal reentry into the United States, arguing that it is substantively unreasonable because the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50064
c/w No. 25-50068

district court gave insufficient weight to the guidelines range and too much weight to his underrepresented criminal history and his family ties to the United States. He also argues that the district court should have considered the substantial periods of time during which he was law-abiding and that its reliance on deterrence from reentering the United States was misplaced.

By requesting a shorter sentence than was ultimately imposed, Loredo-Torres preserved his challenge to the substantive reasonableness of his above-guidelines sentence. *See Holguin-Hernandez v. United States*, 589 U.S. 169, 173-75 (2020). Other than stating that there was a gap in which he had no convictions, he did not raise the specific arguments that he raises on appeal. Therefore, we review those arguments for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail under this standard, he must show a forfeited error that is clear or obvious and affects his substantial rights. *See id.* If he makes that showing, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

Loredo-Torres has not shown that the district court gave insufficient weight to the advisory range or too much weight to his criminal history as it was free to consider offenses counted in the guidelines calculations and uncounted offenses in determining whether an upward variance was appropriate. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). The district court did not err in relying on deterrence as sentencing courts must consider "the need for the sentence imposed to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). It was focused on whether Loredo-Torres's prior convictions deterred him from committing another federal crime, not whether he was deterred from committing the specific crime of illegal reentry. He has not shown that his sentence "(1) does not account for a factor that should have received

No. 25-50064
c/w No. 25-50068

significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Therefore, he has not shown that the above-guidelines sentence was substantively unreasonable. *See id.* Further, he has also failed to show that the extent of the variance was unwarranted as we have affirmed similar variances. *See United States v. Botello-Zepeda*, 933 F.3d 452, 455-56 (5th Cir. 2019); *United States v. Rhine*, 637 F.3d 525, 526, 529-30 (5th Cir. 2011).

In addition, Loredo-Torres argues the consecutive 21-month revocation sentence was plainly unreasonable. We review the reasonableness of a revocation sentence using the two-step "plainly unreasonable" standard. *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). First, we review the sentence for significant procedural error and then for substantive reasonableness under the abuse of discretion standard. *Id.*

Loredo-Torres has not shown that his consecutive revocation sentence was plainly unreasonable. *See id.* The Sentencing Commission recommends consecutive revocation sentences. *United States v. Flores*, 862 F.3d 486, 489 (5th Cir. 2017); *see* U.S.S.G. § 7C1.4(b). His revocation sentence was within the policy guidelines range and was entitled to a presumption of reasonableness. *See Lopez-Velasquez*, 526 F.3d at 809. He has not shown that the revocation sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Therefore, he has not rebutted the presumption of reasonableness that applies to his revocation sentence or demonstrated that it was plainly unreasonable. *See id.*; *see also Lopez-Velasquez*, 526 F.3d at 809.

AFFIRMED.

3