# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-50303
consolidated with
No. 25-50357
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gilbert Gomez, Jr.,

*Defendant—Appellant*,

consolidated with

---

No. 25-50306

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Gilbert Gomez,

*Defendant—Appellant*.

———————————————————————

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 7:24-CR-199-3,
7:23-CR-145-1, 7:23-CR-163-1

———————————————————————

Before DAVIS, JONES, and HO, *Circuit Judges*.

PER CURIAM:[*]

In these consolidated appeals, Gilbert Gomez, Jr., challenges the sentence imposed for his 2024 conviction for conspiracy to possess with intent to distribute actual methamphetamine and cocaine, the sentence imposed following the revocation of his term of supervised release for his 2011 conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine, and the sentence imposed following the revocation of his term of supervised release for his 2021 conviction for conspiracy to commit bribery. We AFFIRM all of his sentences.

Gomez argues that the district court's drug quantity finding regarding his 2024 drug conspiracy conviction was clearly erroneous because it was based on self-serving statements made by his codefendant Jeromie Lynn Patterson. In his factual basis, Gomez admitted that he conspired with Patterson and Crispin Mejia Corrales to possess the methamphetamine and cocaine described in the factual basis, although he reserved the right to argue at sentencing what quantity of methamphetamine was reasonably foreseeable to him for the purposes of determining his relevant conduct. Despite corroborated evidence that Patterson was an employee of Gomez, the probation officer conservatively attributed to Gomez only a pro-rated portion

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

2

of the methamphetamine that Patterson admitted that he distributed with Gomez during a certain period.

Moreover, because Patterson admitted to possessing and distributing far more methamphetamine and cocaine than the amounts attributed to Gomez, Patterson's statements are not accurately viewed as self-serving. And even if the statements were self-serving, it does not automatically follow that the district court erred in relying on them. *See Salazar v. Lubbock Cnty. Hosp. Dist.*, 982 F.3d 386, 392 (5th Cir. 2020) (Ho, J., concurring) ("There is nothing inherently wrong with self-serving statements. . . . The mere fact that a statement is self-serving does not reduce its value or make it unworthy of consideration."). Finally, Gomez did not submit any evidence at sentencing to rebut the presentence report's drug quantity finding or show that it was unreliable. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Accordingly, the district court's drug quantity finding was not clearly erroneous. *See United States v. Dinh*, 920 F.3d 307, 310 (5th Cir. 2019).

Similarly, Gomez challenges the district court's application of the two-level adjustment under U.S.S.G. § 2D1.1(b)(5) for importation of methamphetamine and the two-level aggravating role adjustment under U.S.S.G. § 3B1.1(c) on the grounds that they were based solely on Patterson's self-serving statements. Patterson's statements were relevant evidence and properly considered by the district court. Moreover, the statements were corroborated by other evidence showing that Gomez had direct ties to a Mexican cartel that was supplying the conspiracy with methamphetamine and cocaine that were smuggled into the United States from Mexico, Gomez recruited Patterson as a methamphetamine distributor, and Gomez was involved in planning and organizing the conspiracy. Accordingly, Gomez has failed to show clear error as to either of these adjustments. *See United States v. Ochoa-Gomez*, 777 F.3d 278, 281–82 (5th Cir. 2015); *United States v. Serfass*, 684 F.3d 548, 550, 554 (5th Cir. 2012).

No. 25-50303
c/w Nos. 25-50306, 25-50357

Regarding the sentence imposed following the revocation of his term of supervised release for his 2011 drug conspiracy conviction, Gomez argues that the sentence was plainly unreasonable because it was set to run consecutively to his other sentences.  Although Gomez did not object to the revocation sentence in the district court on this basis, we need not determine whether the plain error standard is applicable because Gomez's argument fails under the more lenient plainly unreasonable standard of review.  *See United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020); *United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010).  Consecutive revocation sentences are recommended by the Sentencing Commission's relevant policy statements.  *United States v. Flores*, 862 F.3d 486, 489 (5th Cir. 2017); U.S.S.G. § 7C1.4(b).  Gomez has not rebutted the presumption of reasonableness or shown that his consecutive revocation sentence was plainly unreasonable.  *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013); *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).

As to both of his revocation sentences, Gomez argues that the district court violated *Esteras v. United States*, 606 U.S. 185 (2025), by imposing a revocation sentence based on retributive factors that 18 U.S.C. § 3583(e) and the Constitution forbid.  Because Gomez failed to preserve this issue, plain-error review applies.  *See Esteras*, 606 U.S. at 202-03.  In *Esteras*, the Supreme Court held that when revoking supervised release, district courts cannot rely on the factors listed in 18 U.S.C. § 3553(a)(2)(A), which reflect the retributive purposes of sentencing.  606 U.S. at 194–95.

Here, Gomez's *Esteras* argument fails because—as he admits—the district court never invoked or mentioned or any §3553(a)(2)(A) factor when imposing the revocation sentences. Gomez argues that the *government* mentioned retributive purposes as to his sentence for the new 2024 crime at an earlier point in the hearing. He urges that the district court's later "silence" as to its basis for the within-Guidelines revocation sentences

means it "implicitly" based those sentences on improper retribution factors. We do not accept that a district court's mere silence is enough to *assume* it based its sentence on retribution.

In any event, even if Gomez could show a clear or obvious error as to *Esteras*, he cannot meet his burden of demonstrating that the error affected his substantial rights because he has not shown that the error affected the outcome in district court. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009). To the extent that Gomez argues that the district court's reliance on retributive factors violated his constitutional rights to due process and to be free from cruel and unusual punishment, he raises these claims for the first time on appeal. Due to Gomez's failure to preserve these arguments below, they are reviewed only for plain error. *See United States v. Ayelotan*, 917 F.3d 394, 406 (5th Cir. 2019); *United States v. Williams*, 847 F.3d 251, 253–54 (5th Cir. 2017). His vague and conclusory constitutional assertions are insufficient to meet his burden of demonstrating a clear or obvious error regarding these claims. *See Jones*, 88 F.4th at 574; *United States v. Lavalais*, 960 F.3d 180, 186 (5th Cir. 2020).

The judgments are AFFIRMED.